UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KHUONG QUOC VO,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE,<br><br>    Respondent. | No. 8:25-cv-01619-JGB-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On July 16, 2025, Khuong Quoc Vu ("Petitioner"), a state prisoner, proceeding pro se and without paying the filing fee or seeking to proceed in forma pauperis, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California, challenging the denial of his petition for resentencing under California Penal Code Section 1170.95. Dkt. 1 ("Petition" or "Pet."). On July 17, 2025, the matter was transferred to this Court. Dkt. 2.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the Petition and finds it appears subject to dismissal.

## II.
## BACKGROUND

On October 1, 1993, an Orange County Superior Court jury found Petitioner guilty of first degree murder and four counts of robbery and found true a special circumstance allegation that the murder was committed during the commission of a robbery, a finding that was later struck by the trial court. Pet. at 2, 18-19 (CM/ECF pagination). On December 9, 1993, the trial court sentenced Petitioner to 25 years to life in state prison. Id. at 2, 19.

In 2019, Senate Bill 1437, Cal. Stats. 2018, ch. 1015 "was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" Walker v. Cal. Supreme Ct., 2022 WL 11337927, at *2 (C.D. Cal. Sept. 13, 2022) (quoting People v. Martinez, 31 Cal. App. 5th 719, 723 (2019) (as modified)), accepted by 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022). Among other things, Senate Bill 1437 added California Penal Code Section 1170.95 (later amended and renumbered as Section 1172.6), which permitted a person convicted of felony murder or murder under a natural and probable consequences theory to file a petition with the sentencing court to vacate the murder conviction and resentence the petitioner on any remaining counts under certain circumstances. Id.

On September 3, 2020, Petitioner filed a petition under former Section 1170.95 to vacate his murder conviction. Pet. at 19. The trial court issued an order to show cause regarding Petitioner's petition on January 14, 2022 and held an evidentiary hearing on May 3, 2023. Id. On May 26, 2023, the trial court denied Petitioner's petition, finding that the prosecutor had proven beyond a reasonable doubt that Petitioner was a major participant in the

underlying robbery and that Petitioner acted with reckless indifference to human life. Id. Petitioner filed an appeal (id. at 13-48), and on August 29, 2024, the California Court of Appeal issued an unpublished decision, affirming the denial order. Id. at 5; Appellate Courts Case Information ("Appellate Courts") at https://appellatecases.courtinfo.ca.gov.[1] Petitioner's Petition for Review was denied on November 13, 2024. Pet. at 5; Appellate Courts.

The instant Petition seeks to challenge the denial of Petitioner's petition for resentencing, contending that (1) Petitioner could not be convicted of first degree murder as an aider and abettor under Section 1170.95 and (2) he should receive time credits for time served upon resentencing. Pet. at 3-4.

## III.
## DISCUSSION

Under Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition should be dismissed because Petitioner's claims are not cognizable on federal habeas review.

**A.   Petitioner's Claims Are Not Cognizable**

A district court may entertain a petition for writ of habeas corpus filed by a person in state custody only on the ground that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of relevant state court records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (quoting McGuire, 502 U.S. at 67-68). Matters relating to state sentencing are governed by state law and generally are not cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (finding claim regarding state sentencing was "not within the purview of federal habeas corpus"); Moore v. Chrones, 687 F. Supp. 2d 1005, 1040 (C.D. Cal. 2010) ("A challenge to a state court's application of state sentencing laws does not create a federal question cognizable in federal habeas review."). Federal district courts have repeatedly held that "a state court's allegedly erroneous denial of resentencing" under Section 1170.95 "does not raise an issue cognizable on federal habeas review." Walker, 2022 WL 11337927, at *2 (collecting cases); see also, e.g., Quintero v. Guzman, 2025 WL 2176692, at *6 (C.D. Cal. June 13, 2025), accepted by 2025 WL 2172191 (C.D. Cal. July 30, 2025); Clemons v. Johnson, 2023 WL 5184181, at *2 (C.D. Cal. June 16, 2023), accepted by 2023 WL 5180324 (C.D. Cal. Aug. 10, 2023); McCavitt v. Covello, 2022 WL 17813204, at *2 (E.D. Cal. Dec. 12, 2022), adopted by 2023 WL 2602019 (E.D. Cal. Mar. 22, 2023); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). Petitioner's challenge to the denial of his Section 1170.95 resentencing petition and request for resentencing raise only state law issues and therefore are not cognizable on federal habeas review.

A state court's misapplication of state law may rise to the level of a due process violation in certain limited circumstances. Richmond v. Lewis, 506

U.S. 40, 50 (1992). But Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified); see also Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) (finding that petitioner failed to raise a "due process" claim by alleging erroneous application of state sentencing law to find petitioner ineligible to be resentenced under Section 1170.95). Here, Petitioner has made no attempt to show that the state court's finding violated his due process rights. Accordingly, Petitioner's claims are not cognizable on federal habeas review.

**B.    Other Defects**

The Petition suffers from at least two other defects.

First, the Petition was not submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. See C.D. Local Civil Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition appears subject to dismissal for failure to use a Court-approved form.

Second, Petitioner has not named a proper respondent. The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended). Typically, the proper respondent for a habeas petition is the warden of the facility where the petitioner is incarcerated. See Stanley, 21 F.3d at 360; see also Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, Petitioner must name the warden of the facility where he is incarcerated.

## IV.
## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE in writing, by <u>no later than thirty (30) days from the date of this Order</u>, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above.

<u>Alternatively</u>, instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to provide a Notice of Dismissal form.</u> However, the Court warns that any dismissed claims may be subject to the statute of limitations under Section 2244(d)(1).

Dated: August 12, 2025

_____
JOHN D. EARLY
United States Magistrate Judge